File #4906-1
BDC/mr
PETRO COHEN PETRO MATARAZZO
A Professional Corporation
The Executive Plaza
2111 New Road
Suite 202
Northfield, NJ 08225
(609) 677-1700
Attorneys for Plaintiff, Jason Williams

**RECEIVED and FILED**
MAR 28 2005
**ATLANTIC COUNTY LAW DIVISION**

JASON WILLIAMS

Plaintiffs,

v.

PHILADELPHIA PHILLIES

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ATLANTIC COUNTY

DOCKET NO. ATL-L-2187-05

Civil Action

**COMPLAINT AND JURY DEMAND**

Plaintiff, Jason Williams, residing at 269 West Louis Avenue, in the City of Egg Harbor, County of Atlantic, State of New Jersey by way of Complaint against defendant hereby states:

### FIRST COUNT

1. On or about April 5, 2003, plaintiff Jason Williams was a ticket holder, patron and business invitee of defendant Philadelphia Phillies and was in Veteran Stadium, Philadelphia, Pennsylvania in order to attend a Philadelphia Phillies/Pittsburgh Pirates baseball game.

2. At the date and place aforesaid, plaintiff arrived during pre-game practice and was permitted by defendant's usher on to the edge of the field by the fence where a player from the Pittsburgh Pirates was autographing and tossing baseballs to approximately twenty (20) fans already gathered there.

1

04/21/2005 11:30 FAX 260 673 1291    American Speciality    ☒008

3. At the time and place aforesaid and while plaintiff was standing with this group of fans, he was struck in the face and injured by a line drive foul ball hit by a Pittsburgh Pirate player who was taking batting practice.

4. At the time and place aforesaid and prior thereto defendant through said defendant's agents, servants and/or employees negligently failed to provide plaintiff with a reasonably safe premises, negligently exposed plaintiff to an unreasonable risk of harm during pre-game activities, negligently permitted plaintiff, along with other fans onto the edge of the field thereby substantially increasing exposure and risk of harm, negligently permitted pre-game related activities that defendant knew or should have known were designed to attract fans including plaintiff onto or adjacent to the field, and to distract them from potential harm and said defendant was otherwise inattentive and careless all to plaintiff's detriment and loss.

5. As a result of defendant's negligence, plaintiff was caused to sustain severe painful and permit bodily injuries which injuries required plaintiff to undergo medical and surgical treatment, incapacitated plaintiff from pursuing his usual employment or other activities, caused plaintiff significant pain, suffering and mental anguish and which injuries shall, in the future, similarly incapacitate plaintiff, cause him pain and suffering and require medical treatment.

WHEREFORE plaintiff Jason Williams demands judgement on this Count against defendant the Philadelphia Phillies through said defendant's agents, servants and/or employees for damages, interests and costs of suit.

### Interrogatory Demand in Lieu of Service

Please take notice that Plaintiff demands answers to Form C and Form C(2) (The term "conditions" as employed in C(2) Interrogatories refers to the pre-game activities involving the Pittsburgh Pirate player autographing and tossing baseballs to a group of fans located adjacent to the field in the vicinity of Veteran Stadium Section 239) of the uniform set of interrogatories more specifically set forth in Appendix II of the 2003 Edition of the Rules Governing the Courts of the State of New Jersey in accordance with R. 4:17-1(b)(ii)(2).

### JURY DEMAND

A demand for trial by jury is hereby made on all issues raised in these pleadings.

### CERTIFICATION PURSUANT TO RULE 4:5-1

The undersigned, Barry Cohen, Esq., certifies on behalf of the above named as follows:

1. I am an attorney admitted to practice law in the State of New Jersey, with the firm of Petro Cohen Petro Matarazzo, PC, counsel for the above named.

2. The matter in controversy in this matter is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3. At this time, there are no other parties who should be joined in this action.

4. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PLEASE BE NOTIFIED that pursuant to Rule 4:25-4, Barry Cohen, Esquire, is hereby designated as trial counsel in the above-captioned litigation on behalf of the firm of Petro Cohen Petro Matarazzo, PC.

PETRO COHEN PETRO MATARAZZO

BY: _____
BARRY D. COHEN
Attorneys for Plaintiffs

DATED: March 23, 2005

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: CK  CG  CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| | |
|---|---|
| ATTORNEY/PRO SE NAME: Barry D. Cohen, Esquire | TELEPHONE NUMBER: (609) 677-1700 |
| COUNTY OF VENUE: Atlantic | |
| FIRM NAME (if applicable): Petro Cohen Petro Matarazzo | DOCKET NUMBER (When available): ATL-L-2187-05 |
| OFFICE ADDRESS: Executive Plaza, Suite 202, 2111 New Road, Northfield, New Jersey 08225 | DOCUMENT TYPE: Complaint |
| | JURY DEMAND: ✓ YES  ☐ NO |
| NAME OF PARTY (e.g., John Doe, Plaintiff): Jason Williams, Plaintiff | CAPTION: Jason Williams v. The Philadephia Phillies |

RECEIVED and FILED
MAR 28 2005
ATLANTIC COUNTY LAW DIVISION

CASE TYPE NUMBER (See reverse side for listing): 605

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ✓ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ✓ NO
IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ✓ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN:
☐ NONE  ✓ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ✓ NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ✓ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

plaintiff was struck and injured by a ball from the field during the visiting team's batting practice

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ✓ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ✓ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE:

Revised/Effective 4/1/05