REGER RIZZO KAVULICH & DARNALL, LLP
By: **Richard M. Darnall, Esquire (RD 2726)**
800 Kings Highway North, Suite 203
Cherry Hill, New Jersey 08034
(856) 779-2799
Attorneys for Defendant, The Phillies (improperly plead as, "Philadelphia Phillies")

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY, CAMDEN VICINAGE

---

| | | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| JASON WILLIAMS | : | Civil Action No.: 05-cv-2346 (JHR) |
| | : | |
| v. | : | **MEMORANDUM OF LAW** |
| | : | |
| Defendants, | : | **RETURNABLE: FRIDAY, JUNE 17, 2005** |
| | : | |
| PHILADELPHIA PHILLIES | : | |
| | : | |

---

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT, THE PHILLIES (IMPROPERLY DESIGNATED AS PHILADELPHIA PHILLIES) TO PLAINTIFF'S COMPLAINT PURSUANT TO F.R.Civ.P. 12(b)(2), F.R.Civ.P. 12(b) (3) and F.R.Civ.P. 12(b)(6)**</u>

Defendant, The Phillies (improperly designated as "Philadelphia Phillies") by and through their attorneys Reger Rizzo Kavulich & Darnall, LLP, hereby file the within Motion to Dismiss to Plaintiff's Complaint and in support thereof aver the following:

**I.     HISTORY OF THE CASE**

Plaintiff filed the within Complaint against the Moving Defendant for injuries allegedly sustained by Plaintiff as a result of being struck by a batted ball during pre-game batting practice prior to a baseball game between Moving Defendant and The Pittsburgh Pirates at Veteran's Stadium in Philadelphia County, Pennsylvania. A true and correct copy of the Complaint filed is attached hereto as Exhibit "A." Plaintiff commenced this action against Moving Defendant by filing a Complaint in Atlantic County, New Jersey, on or about March 28, 2005, for an incident that allegedly occurred on April 5, 2003.

Dockets.Justia.com

Moving Defendant is the only named Defendant. On May 2, 2005, Moving Defendant removed the action from State Court in Atlantic County, New Jersey to The United States District Court for New Jersey.  Prior to removing the action, Moving Defendant requested Plaintiff to stipulate that Plaintiff's damages were not in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiff declined this request.  A true and correct copy of the correspondence and requested stipulation are attached hereto as Exhibit "B."

Moving Defendant is a Pennsylvania Limited Partnership authorized to conduct business.

All actions giving rise to Plaintiff's Complaint occurred in Philadelphia County, Pennsylvania.

## II.    ARGUMENT

### A.    STANDARD OF REVIEW

The within Motion to Dismiss filed by Defendant, The Phillies is filed pursuant to F.R.Civ.P. 12(b)(2),(3) and (6).

In ruling upon the within 12(b)(2),(3) and (6) Motion to Dismiss, a Court must accept as true all factual allegations contained in the Complaint as well as all reasonable inferences that may be drawn from those allegations and view them in a light most favorable to the Plaintiff.  H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).

In ruling upon the within 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, a Federal Trial Court must determine whether the due process standards of the 5th and 14th Amendments of the Constitution are satisfied.  The burden of proof with regard to whether a Court has personal jurisdiction over a Defendant, lies with the Plaintiff.  Credit Lyonnais Secs. Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999); OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 26, 34 (1st Cir. 1998).

The Court in determining whether to dismiss/transfer an action based on Forum Non Conveniens pursuant to F.R.Civ.P. 12(b)(3) must consider the public and private interests in favor and against the proposed alternative forum.  Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331,

341 (5ᵗʰ Cir. 1999).

Also, a Court should not dismiss a Complaint pursuant to F.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal, however, may be appropriate where the Complaint contains a detailed description of underlying facts which fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-109 (1976).

**B.**   **MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANT, THE PHILLIES. BASED ON F.R.Civ.P. 12(b)(2) - LACK OF PERSONAL JURISDICTION**

In ruling upon the within 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, a Federal Trial Court must determine whether the due process standards of the 5ᵗʰ and 14ᵗʰ Amendments of the Constitution are satisfied. The burden of proof with regard to whether a Court has personal jurisdiction over a Defendant, lies with the Plaintiff. Credit Lyonnais Secs. Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999); OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 26, 34 (1ˢᵗ Cir. 1998). Generally there are three ways in which the Court can satisfy the 5ᵗʰ and 14ᵗʰ Amendments: (1) Defendant's consent to jurisdiction; (2) service of process on the defendant within the territorial confines of the state in which the District Court sits; or (3) service of process on a non-consenting Defendant not within the state, when such service is fair because the Defendant has sufficient "contacts" with the state.

Moving Defendant did not consent to jurisdiction and Moving Defendant was not served within the state of New Jersey, in the instant matter. The only plausible way in which this Court could find personal jurisdiction over Moving Defendant is pursuant to a determination that Moving Defendant had sufficient "contacts" with the state of New Jersey.

For such jurisdiction to be constitutional, this Court must find that Moving Defendant has "contacts" with New Jersey of such a quality and nature that exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, (1945). Since, there is no question that Moving Defendant

is not physically located in New Jersey, this Court could only find personal jurisdiction over Moving Defendant exists based upon an intentional relationship with residents of a New Jersey. <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184 (1985).

In making this determination, this Court should consider factors such as: (1) Magnitude of Defendant's Contacts, <u>Omeluk v. Langsten Slip & Batbyggeri</u>, 52 F.3d 267, 270 (9th Cir. 1995); (2) Purposefulness of Defendant's Contacts; (2) Systematic and Continuous Nature of Defendant's Contacts, *Burger King*, 471 U.S. 462.; (4) Relation between Defendant's Contacts and Cause of Action, <u>Glater v. Eli Lilly & Co.</u>, 744 F.2d 213, 216 (1st Cir. 1984); (5) Availability of Witnesses and Evidence, <u>Terracom v. Valley National Bank</u>, 49 F.3d 555, 561 (9th Cir. 1995); and (6) Forum interest in suit. <u>Shaffer v. Heitner</u>, 433 U.S. 186, 206, 97 S.Ct. 2569, 2581 (1977).

Moving Defendant's only contacts with New Jersey are that New Jersey residents purchase tickets to attend Moving Defendant's baseball games. There is no relationship between the permissible purchase of tickets to Moving Defendant's baseball games and the cause of action alleged by Plaintiff (the injury to Plaintiff as a result of being struck by a ball during batting practice).

Additionally, New Jersey has no special interest in the cause of action alleged in Plaintiff's Complaint, as Pennsylvania law should apply. Since, the incident described in Plaintiff's Complaint occurred in Pennsylvania, and Pennsylvania law should apply, this matter is more appropriately venued in Pennsylvania.

**C.      MOTION TO DISMISS/TRANSFER BASED ON FORUM NON-CONVENIENS PURSUANT TO F.R.CIV.P. 12(B)(3)**

Even if this Court determines that Personal Jurisdiction exists over Moving Defendant, this Court may refuse to hear this case if it determines that the Court is an inappropriate forum. <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 504, 67 S.Ct. 839, 840 (1947).

Before a matter can be dismissed based on Forum Non Conveniens an alternative forum must exist. <u>Iragorri v. International Elevator, Inc.</u>, 203 F.3d 8, 13 (1st Cir. 2000). The United States District Court for the Eastern District of Pennsylvania is an adequate appropriate forum for this

matter to be heard.  The United States District Court for the Eastern District of Pennsylvania has both Subject Matter and Personal Jurisdiction over the parties and the action.

Additionally, even if this matter was remanded to State Court based on a reconsideration by Plaintiff of the amount in controversy, the Court of Common Pleas of Philadelphia County would be an adequate appropriate forum for this matter to be heard.  The Court of Common Pleas would have both Subject Matter and Personal Jurisdiction over the parties and the action.

Although, the Statute of Limitations has expired on Plaintiff's cause of action, Moving Defendant agrees it will not raise that issue as a defense to the re-filing of this action in either The United States District Court for the Eastern District of Pennsylvania or The Court of Common Pleas of Philadelphia County, Pennsylvania.  Additionally, Moving Defendant will stipulate to jurisdiction in either the United States District Court for the Eastern District of Pennsylvania or the Court of Common Pleas in Philadelphia County, Pennsylvania.

28 U.S.C.A. §1404 provides that where Statute of Limitations problems may present, a federal court can transfer the case to another federal district court in which the case "might have been brought."  Quackenbush v. Allstate, Ins. Co., 517 U.S 706, 116 S.Ct. 1712 (1996).  The Court in determining whether to dismiss/transfer an action based on Forum Non Conveniens must consider the public and private interests in favor and against the proposed alternative forum.  Dickson Marine, Inc. v. Panalpina, Inc., 179 F.3d 331, 341 (5th Cir. 1999).

The public interest factors to be considered by a Court determining whether to dismiss/transfer an action for Forum Non-Conveniens are well settled: (1) having local disputes settled locally; (2) avoiding problems of applying foreign law; and (3) avoiding burdening jurors in actions that have little or no impact on their community.  *Gulf Oil*, 330 U.S. 501.

The instant matter involves Pennsylvania law applied to an incident that occurred in Pennsylvania.  Maintaining this matter in New Jersey would involve New Jersey residents deciding out-of-state issues that have no impact upon them.  Private interest factors considered by Courts deciding this issue have been established as: (1) ease of access to evidence; (2) cost for witnesses

to attend trial; (3) availability of compulsory process; and (4) factors that could make the trial process more efficient. *Gulf Oil*, 330 U.S. 501.

Applying the private interest factors to the case at bar, it is clear that either the United States District Court for the Eastern District of Pennsylvania or The Court of Common Pleas for Philadelphia County, Pennsylvania is the more appropriate forum. The subject matter of the action occurred in Pennsylvania; all of the witnesses and evidence would lie in Pennsylvania; there would be less cost to the witnesses to appear for court and/or depositions in Pennsylvania; and the Courts in Pennsylvania have reviewed the particular issues raised in Plaintiff's Complaint thereby making the litigation process more efficient.

## D.    MOTION TO DISMISS - PLAINTIFF'S COMPLAINT PURSUANT TO F.R.CIV.P. 12(b)6

Plaintiff's Complaint alleges negligence on the part of Moving Defendant. In order to successfully plead a cause of action for negligence the pleader must plead facts which demonstrate the following elements:

  a.    a duty on the part of the defendant;

  b.    a breach of that duty by the defendant; and

  c.    damage to the plaintiff caused by the breach of duty by defendant

In deciding whether to dismiss a Complaint pursuant to F.R.Civ.P. 12(b)(6) a Court must accept as true all factual allegations contained in the Complaint as well as all reasonable inferences that may be drawn from those allegations and view them in a light most favorable to the Plaintiff. H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).

A Court should not dismiss the Complaint "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal, however, may be appropriate where the Complaint contains a detailed description of underlying facts which fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-109 (1976).

Plaintiff claims in his Complaint that Moving Defendant was negligent in its failure to provide Plaintiff with a reasonably safe premises; in exposing Plaintiff to an unreasonable risk of

harm during pre-game activities; in negligently permitting Plaintiff, along with other fans onto the edge of the field thereby substantially increasing exposure and risk of harm; and in negligently permitting pre-game related activities that were designed to attract fans. (See Exhibit "A").

As a result of such above described negligence, Plaintiff claims he was struck in the face and injured by a line drive foul ball hit by a Pittsburgh Pirate player who was taking batting practice. Plaintiff's claim of negligence rests on Plaintiff's assertion that Moving Defendant had a duty to protect Plaintiff, a patron of Moving Defendant, from being struck by a foul ball.

As a matter of law, Moving Defendant has no duty to protect a patron from being struck by a foul ball. Pakett v. The Phillies, 2005 WL 701221 (Pa.Cmwlth. 2005). The "no duty rule" applies to bar a Plaintiff's claim for injuries suffered as a result of common, frequent and expected risks inherent during the activity in question; such individuals are deemed to anticipate and, therefore, assume the obvious risks of participating in or viewing the activity. Jones v. Three Rivers Management Corp., 483 Pa. 75, 394 A.2d 546 (1978).

In order to overcome, the "no duty rule" Plaintiff must show that the danger complained of was not an "inherent risk" of the activity (watching batting practice), or that the backstop in Veteran's Stadium deviated in some relevant way from the established custom in ballparks. Id. The Court in Pakett reviewing this issue found that the Plaintiff who was struck by a foul ball could not satisfy either of those burdens. There is nothing to distinguish this case from the relevant facts of Pakett. 2005 WL 701221.

It has been well-settled by Courts reviewing this issue that recovery is not granted to those who voluntarily expose themselves to the kind of risks involved in by participating in or viewing the activity. Jones v. Three Rivers Management Corp., 483 Pa. 75, 394 A.2d 546 (1978). Batting practice when conducted in the normal manner, is a regular part of the game, as such, the same standards as those applied to a case in which the injury had occurred during the actual game will be applied. Jones, 251 Pa.Super. 82, 380 A.2d 387 (1977) (overturned on other grounds by Jones, 483 Pa. 75).

Determining whether a duty exists is a question of law for the Court. *Id.* Since, it is well-settled that the owner/operator of a baseball stadium has "no duty" to warn and/or protect patrons from batted balls; and that the danger of being struck by a batted ball is "inherent" in the game of baseball, this Court should conclude that Moving Defendant did not owe a duty to Plaintiff and dismiss Plaintiff's Complaint.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant, The Phillies. respectfully requests that this Honorable Court grant its Motion to Dismiss based on F.R.Civ.P. 12(b)(2), F.R.Civ.P. 12(b)(3) and F.R.Civ.P. 12(b)(6) and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**REGER RIZZO KAVULICH & DARNALL, LLP**

**DATED**: Tuesday, May 24, 2005    **By**: _/s/ Richard M. Darnall_
                                      **RICHARD M DARNALL, ESQUIRE (RD 2726)**
                                      Attorneys for Defendant,
                                      The Phillies

Page 8 of 11

REGER RIZZO KAVULICH & DARNALL, LLP
By: **Richard M. Darnall, Esquire (RD 2726)**
800 Kings Highway North, Suite 203
Cherry Hill, New Jersey 08034
(856) 779-2799
Attorneys for Defendant, The Phillies (improperly plead as, "Philadelphia Phillies")

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY, CAMDEN VICINAGE

---

| | |
|---|---|
| Plaintiff, | : |
| | : |
| JASON WILLIAMS | : |
| | : Civil Action No.: 05-cv-2346 (JHR) |
| v. | : |
| | : **CERTIFICATION OF** |
| Defendants, | : **RICHARD M. DARNALL, ESQUIRE** |
| | : |
| PHILADELPHIA PHILLIES | : |
| | : |

I, Richard M. Darnall, Esquire, of full age hereby certifies as follows:

1.      I am an attorney at law in the State of New Jersey and a partner with the law firm of Reger Rizzo Kavulich & Darnall, LLP, counsel for Defendant, The Phillies.  I am making this Certification in support of the Motion by Defendant for an Order dismissing and/or transferring Plaintiff's Complaint pursuant to F.R.Civ.P.12(b)(2)(3) and (6) .

2.      A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

3.      A true and correct copy of Defendant's correspondence and stipulation is attached hereto as Exhibit "B."

I certify the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,
**REGER RIZZO KAVULICH & DARNALL, LLP**

**DATED**: Tuesday, May 24, 2005          **By**:_/s/_ _Richard M. Darnall_

**RICHARD M. DARNALL, ESQUIRE**
Attorneys for Defendant,
The Phillies

Page 9 of  11

REGER RIZZO KAVULICH & DARNALL, LLP
By: **Richard M. Darnall, Esquire (RD 2726)**
800 Kings Highway North, Suite 203
Cherry Hill, New Jersey 08034
(856) 779-2799
Attorneys for Defendant, The Phillies (improperly plead as, "Philadelphia Phillies")

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY, CAMDEN VICINAGE

---

| | |
|---|---|
| Plaintiff, | : |
| | : |
| JASON WILLIAMS | : |
| | : Civil Action No.: 05-cv-2346 (JHR) |
| v. | : |
| | : **ORDER** |
| Defendants, | : |
| | : |
| PHILADELPHIA PHILLIES | : |
| | : |

  **THIS MATTER**, having been opened to the Court by Reger Rizzo Kavulich & Darnall, LLP, attorneys for The Phillies, upon Motion to Dismiss and/or transfer Plaintiff's Complaint pursuant to F.R.Civ.P.12(b)(2)(3) and (6), and the Court having considered the papers and argument submitted in support of and in opposition to said Motion, and for other good cause shown;

  **IT IS** on this _____ day of _____, 2005;

  **ORDERED** that Defendant, The Phillies', Motion to dismiss and/or transfer Plaintiff's Complaint pursuant to F.R.Civ.P.12(b)(2)(3) and (6) is hereby granted, dismissing Plaintiff's Complaint with prejudice.

  **IT IS FURTHER ORDERED** that a true and correct copy of this Order shall be served upon all parties within _____ days of its receipt.

                 _____
                 **THE HONORABLE JOSEPH H. RODRIGUEZ**

## <u>CERTIFICATE OF SERVICE</u>

I, Richard M. Darnall, Esquire, hereby certify that on Tuesday, May 24, 2005, I caused a true copy of the foregoing Motion to Dismiss and/or Transfer Plaintiff's Complaint Pursuant to F.R.Civ.P.12(b)(2)(3) and (6) to be filed electronically via the District of New Jersey's Electronic Filing System. I also hereby certify that I caused a courtesy copy of the foregoing Motion to be served upon the Honorable Joseph H. Rodriguez via New Jersey Lawyers Service, Inc. for Wednesday, May 25, 2005, delivery.

Respectfully submitted,

**REGER RIZZO KAVULICH & DARNALL, LLP**

**DATED**: Tuesday, May 24, 2005    **By**: /s/ *Richard M. Darnall*

**RICHARD M. DARNALL, ESQUIRE (RD 2726)**
Attorneys for Defendant,
The Phillies

2005/05-0399/motion to dismiss-2005.05.24